<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4259**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JULIAN QUEZADA, a/k/a Oswaldo Hernandez,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.   James A. Beaty, Jr., Chief District Judge.   (1:07-cr-00330-JAB-1)

Submitted:  January 14, 2009          Decided:  January 28, 2009

Before WILKINSON and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Todd A. Smith, LAW FIRM OF TODD A. SMITH, Graham, North Carolina, for Appellant.   Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Julian Quezada appeals the sixty-five month sentence imposed following his guilty plea to illegally reentering this country after having been convicted of an aggravated felony and deported, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). Quezada's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious grounds for appeal, but questioning the reasonableness of Quezada's sentence. Although advised of his right to do so, Quezada has not filed a pro se supplemental brief. Finding no reversible error, we affirm.

We first conclude Quezada's sentence was reasonable. As determined by the Supreme Court, "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." Gall v. United States, 128 S. Ct. 586, 597 (2007). Appellate courts are charged with reviewing sentences for reasonableness. Id. at 594, 597. Reasonableness review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. at 597.

In determining whether a sentence is procedurally reasonable, we first assess whether the district court properly calculated the defendant's advisory Guidelines range. Id. at 596-97. We must then consider whether the district court failed

2

to consider the 18 U.S.C. § 3553(a) (2006) factors and any arguments presented by the parties, selected a sentence based on "clearly erroneous facts," or failed to sufficiently explain the selected sentence. Id. at 597; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). Finally, we review the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances.'" Pauley, 511 F.3d at 473 (quoting Gall, 128 S. Ct. at 597). We afford sentences that fall within the properly calculated Guidelines range a presumption of reasonableness, see id., as permitted by the Supreme Court. Rita v. United States, 551 U.S. 338, __, 127 S. Ct. 2456, 2459, 2462 (2007).

The district court properly calculated Quezada's sentencing range under the Guidelines[*] and invited counsel to make any relevant argument pursuant to the § 3553(a) sentencing factors. After hearing counsel's arguments, permitting Quezada the opportunity to make a statement, and considering the § 3553(a) factors, the court sentenced Quezada to sixty-five months' imprisonment, in the middle of the applicable Guidelines

---

[*] The district court calculated that Quezada's total adjusted offense level was twenty-one and that he had seven criminal history points. U.S. Sentencing Guidelines Manual ("USSG") §§ 2L1.2, 4A1.1 (2007). Thus, with a category IV criminal history, Quezada's advisory Guidelines range was fifty-seven to seventy-one months' imprisonment. USSG ch. 5, pt. A, sentencing table.

range.  As our review of the record reveals no procedural or substantive defect in Quezada's sentence, he cannot overcome the presumption of reasonableness that attaches to his sentence. Rita, 127 S. Ct. at 2459, 2462.

In accordance with Anders, we have reviewed the entirety of the record and found no meritorious issues. Accordingly, we affirm the district court's judgment.  We require that counsel inform Quezada, in writing, of the right to petition the Supreme Court of the United States for further review.  If Quezada requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Quezada.  We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4